1  FARAH J. MARTINEZ (SBN 191862)
   CHARLES D. FERGUSON (Florida Bar No. 0741531)
2  DE LA O, MARKO, MAGOLNICK & LEYTON
   3001 S.W. 3RD Avenue
3  Miami, FL  33129
   Telephone:  305/285-2000
4  Facsimile:    305/285-5555

5  Attorneys for Plaintiff Edward L. Kemper

6  BRUCE NAPELL (State Bar No. 115116)
   BRYAN W. DILLON (State Bar No. 203052)
7  SINGLER, NAPELL & DILLON, LLP
   127 S. Main Street
8  Sebastopol, California 95472
   Telephone: (707) 823-8719
9  Facsimile:  (707) 823-8737

10  Attorneys for St. George Investors, LLC

11

12

13                    UNITED STATES DISTRICT COURT

14                    EASTERN DISTRICT OF CALIFORNIA

15                        SACRAMENTO DIVISION

16

17  EDWARD L. KEMPER, an individual,          CASE NO.:  2:06-cv-01530-WBS-PAN

18              Plaintiff,

19      vs.                                    CONSENT DECREE
                                               (AND ~~PROPOSED~~ ORDER)
20  ST. GEORGE'S INVESTORS, LLC,  a
    California corporation d/b/a ST.
21  GEORGE'S MEDICAL CENTER,

22              Defendant.

23

24

25      CONSENT DECREE AND ORDER

26      1.      Plaintiff EDWARD L. KEMPER filed a Complaint in this action on July 11, 2006,

27  to enforce provisions of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§

28

SINGLER, NAPELL & DILLON, LLP
127 S. Main Street, Sebastopol, CA  95472
(707) 823-8719  (707) 823-8737 Fax

SINGLER, NAPELL & DILLON, LLP
127 S. Main Street, Sebastopol, CA 95472
(707) 823-8719  (707) 823-8737 Fax

12101 et seq., the Rehabilitation Act of 1973, 29 U.S.C. §§ 701, et seq., and California civil rights laws, against Defendant ST GEORGE INVESTORS, LLC, erroneously sued as "ST. GEORGE'S INVESTORS, LLC dba ST. GEORGE'S MEDICAL CENTER" ("St. George"). Plaintiff has alleged that Defendant violated Title III of the ADA and sections 51, and 54 of the California Civil Code by failing to provide full and equal access to their facilities at the St. George Medical Building located at 6620 Coyle Avenue, Carmichael, California, when plaintiff visited the subject facility on various occasions between May 2005, and April 2006.  Plaintiff has also alleged that he was struck by a car and injured in Defendant's parking lot on April 19, 2006, due to the lack of an accessible path of travel in the parking lot.

2.      In March, 2007, St. George sold the building to BETA CONSULTING GROUP, LLC ("Beta").  In June, 2007, Plaintiff filed an First Amended Complaint adding Beta as a Defendant.

3.      Defendants deny the allegations in the Complaint and by entering into this Consent Decree and Order do not admit liability to any of the allegations in Plaintiff's Complaint filed in this action.  The parties hereby enter into this Consent Decree and Order for the purpose of resolving this lawsuit (the "Lawsuit") without the need for protracted litigation, and without the admission of any liability.


JURISDICTION:

4.      The parties to this consent decree agree that the Court has jurisdiction over this matter pursuant to 28 USC §1331 for claims under the Americans with Disabilities Act of 1990, 42 USC 12101 et seq. and pursuant to supplemental jurisdiction for claims under California Civil Code §§51 and 54.

5.      In order to avoid the costs, expense, and uncertainty of protracted litigation, the parties to this consent decree agree to entry of this Order to resolve all claims regarding

injunctive relief and damages raised in the Complaint filed with this Court.  Accordingly, they agree to the entry of this Order without trial or further adjudication of any issues of fact or law concerning plaintiff's claims for injunctive relief and damages.

WHEREFORE, the parties to this consent decree hereby agree and stipulate to the Court's entry of this Consent Decree and Order, which provides as follows:

SETTLEMENT OF INJUNCTIVE RELIEF:

6.    This Order shall be a full, complete, and final disposition and settlement of Plaintiff's claims against Defendant for injunctive relief and damages that have arisen out of the subject Complaint.  The parties agree that there has been no admission or finding of liability or violation of the ADA and/or California civil rights laws, and this Consent Decree and Order should not be construed as such.

7.    The parties agree and stipulate that the corrective work will be performed in compliance with the standards and specifications for disabled access as set forth in the California Code of Regulations, Title 24-2, and the Americans with Disabilities Act Accessibility Guidelines (ADAAG):

a)    Remedial Measures:  Defendants agree to remove all barriers to access identified in Attachment A, the Accessibility Survey prepared by Disability Access Consultants, Inc., dated November, 20006 (the "Survey"), except as the recommendations of the Survey have been modified by agreement between the parties.  All such agreed modifications are set out in Attachment B.  The scope of work identified in the Survey, as modified by Exhibit B, is referred to herein as "the Remedial Measures."  Attachments A and B are incorporated herein by reference as if fully set forth in this document.

b)    Timing of Injunctive Relief:  Beta has commenced the Remedial Measures as of the date of the entry this Consent Decree and Order by the Court.  Beta shall proceed with

SINGLER, NAPELL & DILLON, LLP
127 S. Main Street, Sebastopol, CA 95472
(707) 823-8719  (707) 823-8737 Fax

the remedial work on a schedule which it determines to be reasonable, taking into account the availability of funds; contractors and materials; the need to prepare plans and obtain permits; the weather; and the need to schedule and sequence the implementation of the Remedial Measures in order that they may result in the least interference with the use of the Building by tenants and visitors.  Notwithstanding, all the Remedial Measures shall be completed by no later than thirty (30) months from the date of entry of this Consent Decree and Order by the Court.  In the event that unforeseen difficulties prevent defendants from completing any of the agreed-upon injunctive relief by the deadline, Beta or its counsel will notify the other Parties' attorneys in writing within 15 days of discovering the delay, and will provide Beta's best estimate of a date for completion.  Beta or its counsel will notify the other Parties' attorneys when the corrective work is completed, and in any case will provide a status report no later than 180 days from the entry of this Consent Decree, and each 180 days thereafter until all the Remedial Measures are complete.

c)      Pursuant to an amendment to the contract of sale between St. George and Beta, Beta is obligated to perform all Remedial Measures as set forth in subparagraph a) above (a copy of the Amendment is attached as Exhibit C ).  St. George shall satisfy its obligations under this Paragraph 6 by taking such actions as may be necessary to ensure that Beta performs the Remedial Measures pursuant to the terms of this Paragraph 6, including but not limited to bringing an action to enforce Beta's compliance with Exhibit C.

d)      Except in the event that Beta breaches its obligation to perform  the Remedial Measures,  no claim for damages or attorney fees, litigation expenses, and costs will be made by Plaintiff against Beta.

e)      Within ten (10) days of completion of the work described in Exhibit "A" and "B," Beta shall notify the other Parties' attorneys. Plaintiffs' representatives shall be allowed to make a post compliance inspection to verify completion of the remediation described in Exhibit "A"

4

SINGLER, NAPELL & DILLON, LLP
127 S. Main Street, Sebastopol, CA 95472
(707) 823-8719  (707) 823-8737 Fax

and "B."  If all barriers identified in Exhibit A have been remediated (per Exhibit A or as modified by Exhibit B), the time for the inspection is at Plaintiff's expense, and, if not, Beta is responsible for the reasonable cost of Plaintiffs' expert's time for the re-inspection. If the work is not done correctly, then Beta will have 90 days to cure any deficiencies after receipt of written notice from Plaintiffs' Counsel after the re-inspection.  If Beta fails to cure any deficiencies within 90 days after receipt of such written notice, then Plaintiffs may demand that St. George take action, including if necessary file a motion to enforce this Consent Decree.  If St. George does not take necessary action, Plaintiff may file a motion to enforce this Agreement, and will be entitled to recovery of reasonable attorney's fees, litigation expenses, and costs pursuant to 42 U.S.C. § 12205 of the Americans with Disabilities Act, if it prevails.

DAMAGES, ATTORNEY FEES, LITIGATION EXPENSES, AND COSTS:

8.      St. George will pay $_____ in full satisfaction of plaintiff's claim for damages, attorney fees, litigation expenses and costs.  This amount shall cover all damages for personal injury, civil rights violations, emotional distress, and any other form of damages. Payment will be made on or before January 19, 2007, by check payable to "de la O, Marko, Magolnick & Leyton in Trust for Edward Kemper."

ENTIRE CONSENT DECREE AND ORDER:

9.      Issues resolved and issues reserved:

a)      This Consent Decree and Order and Attachments A and B to this Consent Decree, which are incorporated herein by reference as if fully set forth in this document, constitutes the entire agreement between Plaintiff and Defendant on the matters of injunctive relief and damages, and no other statement, promise, or agreement, either written or oral, made by the Plaintiff or any agents of the Plaintiff, to Defendant, or by the Defendant or any agents of

SINGLER, NAPELL & DILLON, LLP
127 S. Main Street, Sebastopol, CA  95472
(707) 823-8719  (707) 823-8737 Fax

SINGLER, NAPELL & DILLON, LLP
127 S. Main Street, Sebastopol, CA 95472
(707) 823-8719  (707) 823-8737 Fax

the Defendant to the Plaintiff, that is not contained in this written Consent Order, shall be enforceable regarding the matters of injunctive relief and damages described herein.

CONSENT ORDER BINDING ON PARTIES AND SUCCESSORS IN INTEREST:

10.     This Consent Order shall be binding on Plaintiff EDWARD L. KEMPER, Defendant ST. GEORGE INVESTORS, LLC, and Defendant BETA CONSULTING GROUP, LLC; and any successors in interest.  The parties have a duty to so notify all such successors in interest of the existence and terms of this Consent Order during the period of the Court's jurisdiction of this consent decree.

MUTUAL RELEASE AND WAIVER OF CIVIL CODE SECTION 1542:

11.     Each of the parties to this Consent Decree understands and agrees that there is a risk and possibility that, subsequent to the execution of this Consent Decree, any or all of them will incur, suffer, or experience some further loss or damage with respect to the Lawsuit which are unknown or unanticipated at the time this Consent Decree is signed.  Except for all obligations required in this Consent Decree, the parties intend that this Consent Decree apply to all such further loss with respect to the Lawsuit. Therefore, except for all obligations required in this Consent Decree, this Consent Decree shall apply to and cover any and all claims, demands, actions and causes of action by the Plaintiff against Defendants or Defendants against Plaintiff with respect to the Lawsuit, whether the same are known, unknown or hereafter discovered or ascertained, and the provisions of Section 1542 of the California Civil Code are hereby expressly waived.  Section 1542 provides as follows:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY

SINGLER, NAPELL & DILLON, LLP
127 S. Main Street, Sebastopol, CA 95472
(707) 823-8719  (707) 823-8737 Fax

AFFECTED HIS SETTLEMENT WITH THE DEBTOR.

This waiver applies to the injunctive relief and damages aspects of this action only and does not include resolution of plaintiff's claims for attorney fees, litigation expenses and costs.

12.     Except for all obligations required in this Consent Decree, Plaintiff releases and forever discharges each defendant, and all officers, directors, shareholders, subsidiaries, joint venturers, stockholders, partners, parent companies, employees, agents, attorneys, insurance carriers, heirs, predecessors, trustees, co-trustees or representatives of Defendants, and Defendants release and forever discharge Plaintiff, from all claims, demands, actions, and causes of action of whatever kind or nature, presently known or unknown, arising out of or in any way connected with the Lawsuit or the subject matter thereof.

TERM OF THE CONSENT ORDER:

13.     This Consent Order shall be in full force and effect for a period of thirty (30) months after the date of entry of this Consent Order, or until the injunctive relief contemplated by this Order is completed, whichever occurs later.  The Court shall retain jurisdiction of this action to enforce provisions of this Order for thirty (30) months after the date of this Consent Decree, or until the injunctive relief contemplated by this Order is completed, whichever occurs later.

//

//

NOTICES:

14.     Notices shall be given by certified or overnight mail, return receipt requested, if to Plaintiff to:

    Charles Ferguson
     de la O, Marko, Magolnick, Leyton Attorneys at Law
    3001 S.W. 3RD Avenue
    Miami, FL  33129

7

If to Defendant St. George, to:

>       Bruce Napell
>       Singler, Napell & Dillon, LLP
>       127 S. Main Street
>       Sebastopol, CA  95472

If to Defendant Beta, To

>       Tamara L. Boeck
>       Bullivant, Hauser, Bailey, PC
>       1415 L St., Suite 1000
>       Sacramento, CA  95814

or to such other address as the Party may from time to time specify by giving notice as provided herein.

SEVERABILITY:

14.     If any term of this Consent Decree and Order is determined by any court to be unenforceable, the other terms of this Consent Decree and Order shall nonetheless remain in full force and effect.

//

//

//

//

SIGNATORIES BIND PARTIES:

15.     Signatories on the behalf of the parties represent that they are authorized to bind the parties to this Consent Decree and Order.  This Consent Decree and Order may be signed in counterparts and a facsimile signature shall have the same force and effect as an original signature.

Dated: April __, 2007

SINGLER, NAPELL & DILLON, LLP
127 S. Main Street, Sebastopol, CA  95472
(707) 823-8719  (707) 823-8737 Fax

SINGLER, NAPELL & DILLON, LLP
127 S. Main Street, Sebastopol, CA 95472
(707) 823-8719  (707) 823-8737 Fax

Plaintiff EDWARD L. KEMPER

Dated: July __, 2007

_____

Defendant ST. GEORGE INVESTORS, LLC.

Dated: July  __, 2007

By: _____
    Lloyd Mason, Managing Member

Defendant BETA CONSULTING GROUP, LLC.

Dated: July  __, 2007

By: _____
    Steve Mohibi, Managing Member

APPROVED AS TO FORM:

Dated: July __, 2007                    CHARLES FERGUSON
                                        DE LA O, MARKO, MAGOLNICK & LEYTON

_____

Attorneys for Plaintiff
    EDWARD L. KEMPER

1

2   Dated: July __, 2007                    BRUCE NAPELL
                                            SINGLER, NAPELL, & DILLON LLP

3

4   _____

5   Attorneys for Defendant
        ST. GEORGE INVESTORS, LLC.

6

7   Dated: July __, 2007                    TAMARA L. BOECK
                                            BULLIVANT, HAUSER, BAILEY, PC

8

9

10  _____

11  Attorneys for Defendant
        BETA CONSULTING GROUP, LLC.

12  ORDER

13  Pursuant to stipulation, and for good cause shown, IT IS SO ORDERED.

14  Dated:  September 25, 2007

15

16  WILLIAM B. SHUBB
    UNITED STATES DISTRICT JUDGE

17

18

19

20

21

22

23

24

25

26

27

28

339/01/0014.3                                Consent Decree (and Proposed Order)
                                             Case No. 2:06-cv-1530-WBS-PAN